IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOE CARLTON WILKERSON, #113996 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv361 |
| JAILER FOSTER, et, al. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Joe Carlton Wilkerson, an inmate confined within the Gregg County Jail proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report and Recommendation concerns Defendants' motion to dismiss, (Dkt. #14), and motion for summary judgment, (Dkt. #18), limited to the exhaustion of administrative remedies. Plaintiff did not file a response. For reasons explained below, the Court recommends that the motions be granted and that the case be dismissed without prejudice.

**I. Wilkerson's Amended Complaint**

The operative pleading in this lawsuit is Wilkerson's amended complaint, (Dkt. #7). An amended complaint entirely supersedes and takes the place of an original complaint unless the amended complaint specifically refers to an adopts or incorporates by reference the earlier pleading. *See Clark v. Tarrant Cnty., Tx.*, 798 F.2d 736, 740 (5th Cir. 1986).

Wilkerson maintains that, while housed within the Jail on August 29 and 30 2022, both Defendant Birchfield and Defendant Foster failed to "render aid." Specifically, he asserts that

1

inside cell CB-11 when he was throwing up blood and urinating blood. He complained that he needed help, and "hit [the] button six times" without an answer; Wilkerson explains that he saw that Defendant Birchfield was passing out medications, and he told him "what was happening" but was ignored. Birchfield did not radio for help. At that point, Wilkerson states that he "went back to [the toilet and] was throwing up again." Other inmates were "telling Birchfield to radio for help," but he did nothing. Defendant Foster then walked by, and "dorm members" made him aware—at which point Foster stated that "he's just detoxing from heroin." Wilkerson asserts that he had appendicitis. Wilkerson seeks damages for "past, present, and future pain and suffering."

## II. Defendants' Motion for Dismiss and Motion for Summary Judgment

Defendant Gregg County Sheriff's Department argues in its motion to dismiss, (Dkt. #14), that is lacks jural existence and cannot be a party to this lawsuit. Defendants Birchfield and Foster move for summary judgment, (Dkt. #18), on the ground that Wilkerson failed to exhaust his required administrative remedies provided by Gregg County. Defendants explain that while Wilkerson submitted one grievance related to these complaints, he did not appeal the response and therefore failed to exhaust to completion.

## III. Summary Judgment Evidence

Defendants filed three exhibits in support of their motion for summary judgment:

**Exhibit A:**     **Affidavit of Chief Deputy Callaway,**

**Exhibit A-1:**   **Documents from Wilkerson's Incarcerations at the Gregg County Jail, and**

**Exhibit A-2:**   **The Gregg County Inmate Handbook**

The Court notes that Wilkerson did not file any response to the respective motions.

**IV. Discussion and Analysis**

The Court understands that Wilkerson argues that Defendants acted with deliberate indifference to his serious medical needs while housed at the Gregg County Jail. However, the uncontested summary judgment evidence reveals that he failed to exhaust his required administrative remedies before filing this lawsuit.

It is well-settled that inmates must exhaust any and all administrative remedies before proceeding in federal court. *See Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (explaining that pre-filing exhaustion is both mandatory and non-discretionary). Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The exhaustion provision was unanimously upheld by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001). The Court subsequently held that exhaustion is mandatory, and that the requirement will not be excused when an inmate fails to properly exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Id.* at 90-91. The Fifth Circuit recently reiterated the principle that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez*, 702 F.3d at 788.

The Supreme Court elaborated further about the exhaustion requirement in *Jones v. Bock*, 549 U.S. 199 (2007). It was noted that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216.

3

Proper exhaustion is determined by reference to the applicable agency's grievance procedures. *Jones*, 549 U.S. at 217-18; *Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013).

Consistent with the uncontested summary judgment evidence here, the Court takes judicial notice that the Gregg County Jail has a written grievance policy for inmate grievances which is detailed in the Inmate Handbook. *See Muckleroy v. White*, case no. 6:19cv363 (Dkt. #32-1, p. 2; Dkt. #32-3, p. 1) (E.D. Tex. 2020); *Moody v. Crumbaker*, case no. 6:20cv243 (Dkt. #30-1, p. 2; Dkt. #30-3, p. 1) (E.D. Tex. 2021). The Jail provides grievance forms for inmates to write their grievance. *See* case no. 6:19cv363 (Dkt. # 32-1, p. 2).

Upon receipt of a grievance, the Grievance Board reviews the grievance and determines the appropriate action to redress the grievance. (Dkt. #32-1, p. 2; Dkt. #32-3, p. 1). The Grievance Board submits a written response to the inmate within 15 days. *Id.* If the inmate disagrees with the response of the Grievance Board, he may appeal the decision to three levels. *Id.* The first appeal is submitted to the Facility Lieutenant. *Id*. The second appeal of the Facility Lieutenant's decision is to the Jail Administrator. (Dkt. #32-1, pp. 2-3). The third appeal of the Facility Administrator's decision is to the Sheriff. (Dkt. #32-1, p. 3). The Sheriff's decision is final. *Id.*

The Jail also utilizes a kiosk system in the jail cells. The inmates do not have to use this system, but it is available to them in addition to the paper forms. *Id.* When an inmate submits a grievance using the kiosk, the grievance is then transmitted to the designated officers serving in the Grievance Board position. *Id.* The process for review, response, and appeal are the same when grievances are sent through the kiosk as they are for the paper forms. *Id.*

All steps of the grievance procedure must be completed for a grievance to be considered exhausted. *Johnson* 385 F.3d at 515. The Supreme Court has clearly specified that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."

*Woodford*, 548 U.S. at 90. Accordingly, an inmate in the Gregg County Jail like Wilkerson, prior to filing a lawsuit, must pursue this multi-step process that includes grieving to jail staff—and if still dissatisfied—submitting an additional appeals.

The Gregg County Jail's Handbook, submitted in this case, confirms this multi-step process:

```
The Appeal process has three steps.
1) Facility Lieutenant
2) Jail Administrator
3) The Sheriff.
The Sheriff's decision is final.
```

(Dkt. #18-3, pg. 20). Moreover, the evidence shows that Wilkerson filed a grievance, number TK-2M8ylW8wD5JJ, on August 30, 2022, complaining of "neglect," (Dkt. #18-2, pg. 16). He explained that he returned to the Jail from the hospital, and that it took staff an hour to an hour and a half "to even come and assist" him. He argued that he never denied help. A jail official responded that he was not denied help but was taken to the Emergency Room; the doctor explained that he did not need surgery and "sent [him] back with prescriptions for medication." *Id*. at pg. 16. There is no indication in the evidence that Wilkerson appealed this response. His failure to appeal his grievance to its completion is fatal to his case.

Additionally, the Gregg County Sheriff's Department lacks jural existence. Under the Federal Rules of Civil Procedure, a party to a lawsuit must have the capacity to be sued. Fed. R. Civ. P. 17(b). A department of a local government entity must "enjoy a separate legal existence" to be subject to a lawsuit. *See Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313 (5th Cir. 1991). The Fifth Circuit has held that Texas law does not allow county or municipal police departments to be sued directly. *Id*. at 313-14; *see also Crull v. City of New Braunfels, Tex.*, 267 F. App'x 338, 341-42 (5th Cir. 2008) (unpublished) ("Therefore, the Police Department is not a separate legal

entity apart from the City and the district court did not err in dismissing the claims against the Police Department."). Accordingly, Wilkerson's claims against the Gregg County Sheriff's Department should be dismissed. *See Darby*, 939 F.2d at 313; *see also Pogorzelski v. Dallas Police Dep't*, 2020 WL 5045673 *2 (N.D. Tex. Aug. 5, 2020 ("As judges of this Court have repeatedly recognized, the Dallas Police Department is not a jural entity subject to suit."); *Lane v. Athens Police Dep't.*, 2006 WL 1049966 at *3 (E.D. Tex. Mar. 24, 2006 ("While he does sue the Henderson County Jail, the jail is not a separate legal entity and cannot be sued in its own name.").

## RECOMMENDATION

Accordingly, it is recommended that Defendants' motion to dismiss, (Dkt. #14), and motion for summary judgment, (Dkt. # 18), be granted and that Plaintiff Wilkerson's lawsuit be dismissed, without prejudice, for the failure to exhaust his required administrative remedies.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 15th day of May, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE